to be that because claimant actually worked only on one job in New Jersey before his employment terminated, the board must be controlled by that factor alone. We do not think that the fortuitous circumstance that his employment ended before he was sent elsewhere is controlling. This was an unusual type of employment emanating from New York for service expected to be in numerous localities, or so the board could find, and the record affords adequate basis for the decision of the Referee and the Appeals Board. Decision unanimously affirmed, with costs to respondent.

■ In the Matter of the Probate of the Will of MONROE L. DIX, Deceased. ELYNOR M. DIX et al., Appellants; DAVID M. POTTS et al., Respondents.— Appeal from an order of Surrogate's Court, Rensselaer County. Order unanimously affirmed, without costs.

■ In the Matter of the Probate of the Will of MONROE L. DIX, Deceased. ELYNOR M. DIX et al., Appellants; DAVID M. POTTS et al., Respondents.— Appeal from an order of Surrogate's Court, Rensselaer County. Order unanimously affirmed, without costs.

■ HENRY T. NEELY, as Administrator of the Estate of PHILIP A. NEELY, Deceased, Appellant, v. STATE OF NEW YORK, Respondent.— Appeal from a judgment of the Court of Claims dismissing the claim for conscious pain and suffering and wrongful death of the claimant's intestate based on the State's negligence in failing to properly maintain a highway. The claimant's intestate was driving his motorcycle at a place on Route 17 known as Tuscorora Hill when the accident occurred which caused his death. There was no eyewitness to the actual accident although a friend of the decedent who was driving his motorcycle several hundred feet ahead of the decedent testified that a passenger on his motorcycle saw the decedent's light start to wobble and they turned around and found the decedent lying on the side of the highway. He testified that they were driving at 50 miles per hour, that the decedent had driven his motorcycle over the same highway before and that the road was rough with the inside being pretty good and the outside next to the shoulder quite rough. The motorcycles were driven in staggered formation with the decedent riding the outside next to the shoulder and his friend the inside near the center of the highway. On the extreme edge of the highway about 100 feet from where the decedent's body was found there was a saucer like depression, which was estimated by different witnesses at from one-half inch to three inches deep. Scratch marks were found leading from the decedent's motorcycle to within 10 feet of this depression. The decedent and his friend had been at taverns drinking beer from 10:30 P.M. to 1:00 A.M., had then gone to a diner for coffee and a sandwich and were on their way to a house party when the accident occurred at about 3:00 A.M. The Court of Claims pointed out that a prudent motorcycle operator would not hug the edge of the highway without good reason and held that it was not established that the State was here negligent in maintaining the highway. The court further held that even if such negligence were established " the claim would still have to be dismissed because of the negligence of the deceased." The evidence in this record presented questions of fact for the court below both as to the negligence of the State and the contributory negligence of the decedent and its determination of those questions is fully supported by the record (cf. *Cramer* v. *State of New York*, 4 A D 2d 798). Judgment unanimously affirmed, without costs.

■ In the Matter of the Claim of BLODWEN HALLAS, Respondent, v. CARLIN CRIMMINS ATLAS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Decedent fell while carrying steel rods down a steep ramp and died. There was no autopsy; but the medical examiner gave the cause of death